## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

FILED
SEP 10 AM 8:23
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

| | | |
|---|---|---|
| Nicholas Lupo,<br>Matthew Stoneman, and<br>David Price,<br><br>Plaintiffs,<br><br>*v.*<br><br>TENNESSEE SECRETARY OF STATE, Tre<br>Hargett, in his official capacity,<br><br>TENNESSEE ELECTIONS DIVISION,<br>Coordinator of Elections, Mark Goins, in his<br>official capacity,<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. _ |

## VERIFIED COMPLAINT

Plaintiffs Pro Se Nicholas Lupo, Matthew Stoneman, and David Price, file their verified complaint respectfully requesting entry of a declaratory judgment and other relief pursuant to 42 U.S.C. § 1983 against Defendants Tennessee Secretary of State ("TNSOS"), Tre Hargett, and Tennessee Elections Division ("TNED"), Coordinator of Elections, Mark Goins ("Members") in their official capacities at the TNSOS and TNED, and in support state as follows.

## Nature of the Case

1.     This is an action seeking relief through 42 U.S.C. § 1983 for violations of Plaintiffs' First and Fourteenth Amendment rights by the Defendants, all of whom are state actors that have unlawfully rejected from the November 5, 2024 general election ballot Plaintiffs and eight (8) other independent presidential elector candidates (hereinafter collectively known as "Elector Candidates") who filed Nomination Petitions ("Nomination Papers") to be Electors of the President and Vice President of the United States for pledged independent candidate for President Dr. Shiva Ayyadurai, who is a resident and voter in the State of Massachusetts, and pledged independent Vice-President candidate, Crystal Ellis, who is a resident and voter in the State of Nebraska (together "Pledged Candidates" or "Dr.SHIVA"), to be voted upon at the November 5, 2024 general election.

2.     The Defendants accepted Plaintiffs and Elector Candidates' Nomination Papers and all requirements for Elector Candidates on the Tennessee ballot for the Office of Elector on August 14, 2024, and then, weeks later, on September 4, 2024 long after the August 22, 2024 qualifying deadline at 12:00 PM noon for any office to invalidate Plaintiffs and Elector Candidates' Nomination Papers had passed, Defendants arbitrarily and capriciously rejected Plaintiffs and Elector Candidates from Tennessee ballot by asserting the lack of "qualifications" of the Pledged Candidate for President, who is not a candidate for any office in the State of Tennessee; however, as will be explained *infra*, Defendants lack statutory authority that confers subject matter jurisdiction over the Nomination Papers and lack personal jurisdiction over Plaintiffs and the one other Elector Candidate as

well, since the Elector Candidates were neither named in any notice or rejection as the parties being rejected off the ballot nor were Plaintiffs and Elector Candidates served with any proper notice that fully stated the nature of a rejection against Plaintiffs and the one other Tennessee resident that sought ballot access as Elector Candidates. Pursuant to Tennessee Election Code *Tenn. Code Ann. 2-5-101(a)(1) Time for filing* (with emphasis added):

> (1) <u>Candidates shall qualify by filing all nominating petitions, including any duplicate nominating petitions, by the deadlines set out in the schedule in this section</u>. The qualifying deadline for any office not included in this section <u>shall be twelve o'clock (12:00) noon, prevailing time, on the third Thursday in the third calendar month before the election</u>. (August 21, 2024) Code Ann. 2-5-101(a)(1)

3.      Plaintiffs respectfully request a declaratory judgment regarding the jurisdiction of the Defendants to take action in relation to Plaintiffs' Nomination Papers, and preliminary and permanent injunction orders against the Defendants to: (a) nullify the Defendants' decision on the removal of Elector Candidates from the ballot, and (b) enjoin Defendants' from printing ballots for the November 5, 2024 general election based on the defective decision rendered by Defendants upon a party i.e. Pledged Candidate for President, upon whom Defendants have neither subject matter nor personal jurisdiction over.

## Parties

4.      Plaintiff Pro Se Nicholas Lupo is a Tennessee Congressional District 7 resident and voter residing in Tennessee, and is a candidate for the federal office of

"Elector of President and Vice-President of the United States" as defined in the U.S. Constitution, Art. II, Sec.

5.    Plaintiff Pro Se Matthew Stoneman is a Tennessee Congressional District 5 resident and voter residing in Tennessee, and is a candidate for the federal office of "Elector of President and Vice-President of the United States" as defined in the U.S. Constitution, Art. II, Sec.

6.    Plaintiff Pro Se David Price is a Tennessee Congressional District 1 resident and voter residing in Tennessee, and is a candidate for the federal office of "Elector of President and Vice-President of the United States" as defined in the U.S. Constitution, Art. II, Sec.

7.    Plaintiffs aforementioned in (4-6) and 8 other independent Electors have pledged their Electoral College votes to Dr. Shiva Ayyadurai for President and Crystal Ellis for Vice President should Plaintiffs and the 8 other Elector candidates be elected by Tennessee voters at the general election on November 5, 2024.

8.    Plaintiffs are 3 of the 11 independent candidates for the federal office of "Elector for President and Vice President of the United States" (herein referred to as "11 Elector Candidates") and in addition, Plaintiffs were circulators of voter-signed petition sheets gathered for the purpose of gaining ballot access for the following slate of Tennessee residents as Elector candidates at the November 5, 2024 general election:

4

# List of Tennessee Residents Who Are Candidates for Office of Electors of President and Vice President of the United States pledged to Dr.SHIVA

## Consent Form for Electors and Vice President of Independent Candidate for President of the United States in Tennessee

The following persons listed below as Presidential Electors, consent and agree to vote for:

_____Shiva Ayyadurai_____ for President of the United States, and

_____Crystal Ellis_____ for Vice-President of the United States.

*If selected for the position of elector as a nominee of an unaffiliated presidential candidate, I agree to serve and to mark my ballots for that candidate and for that candidate's vice-presidential running mate.*

**Congressional District No. 1**
Sign here _____
Print here  David Lawrence Price
Street address  1204 Wears Valley Rd Apt 2
City/state/zip  Pigeon Forge, TN 37863

*serve and to mark my ballots for that candidate and for that candidate's vice-presidential running mate.*

**Congressional District No. 1**
Sign here _____
Print here _____

**Congressional District No. 2**
Sign here _____
Print here  Derek L. Cobble
Street address _____
City/state/zip _____
Street address  532 Riverbreeze Lane
City/state/zip  Knoxville, TN 37923

**Congressional District No. 2**
Print here _____
Sign here _____
Print here _____

**Congressional District No. 3**
Sign here _____
Print here  Laura Kay Brooks
Street address _____
City/state/zip _____
Street address  1479 County Road 609
City/state/zip  Etowah, TN 37331

**District No. 2**
Print here _____

**Congressional District No. 3**
Sign here _____
Print here _____
City/state/zip _____
Street address _____
City/state/zip _____

**Congressional District No. 4**
Sign here _____
Print here  Chelsea McConnell
Street address  205 Zollicoffer Drive
City/state/zip  Murfreesboro, TN 37128

Congressional

| | | |
|---|---|---|
| Congressional District No. 4 | Sign here _____ | Street address _____ |
| | Print here _____ | City/state/zip _____ |
| Congressional District No. 5 | Sign here _Matthew Stoneman (signature)_ | Street address 332 Bonnahurst Dr |
| | Print here Matthew Wayne Stoneman | City/state/zip Hermitage, TN 37076 |
| Congressional | Sign here _____ | Street address _____ |

| | | |
|---|---|---|
| Congressional District No. 4 | Sign here _____ | Street address _____ |
| | Print here _____ | City/state/zip _____ |
| Congressional District No. 5 | Sign here _____ | Street address _____ |
| | Print here _____ | City/state/zip _____ |
| Congressional District No. 6 | Sign here _Stephani Howell Marshall (signature)_ | Street address 424 Karlee Ct |
| | Print here Stephani Howell Marshall | City/state/zip Lebanon, TN 37087 |

| | | |
|---|---|---|
| Congressional District No. 5 | Sign here _____ | Street address _____ |
| | Print here _____ | City/state/zip _____ |
| Congressional District No. 6 | Sign here _____ | Street address _____ |
| | Print here _____ | City/state/zip _____ |
| Congressional District No. 7 | Sign here _Nick Lupo (signature)_ | Street address 301 22nd Ave N Apt #227 |
| | Print here Nicholas George Lupo | City/state/zip Nashville, TN 37203 |
| Congressional | | |

| | | |
|---|---|---|
| Congressional District No. 7 | Sign here _____ | Street address _____ |
| | Print here _____ | City/state/zip _____ |
| Congressional District No. 8 | Sign here _(signature)_ | Street address 1012 Parkway Cove |
| | Print here Tian You Wu | City/state/zip Humboldt, TN 38343 |
| Congressional | Sign here _____ | Street address _____ |

| | | |
|---|---|---|
| Congressional District No. 8 | Sign here _____ | Street address _____ |
| | Print here _____ | City/state/zip _____ |
| Congressional District No. 9 | Sign here _Mariah Frazier (signature)_ | Street address 1569 Marcia Rd |
| | Print here Mariah Shae Frazier | City/state/zip Memphis TN, 38117 |
| At-Large | Sign here _____ | Street address _____ |
| | Print here _____ | City/state/zip _____ |

| | | |
|---|---|---|
| At-Large | Sign here _Eileen G Fox (signature)_ | Street address 5592 Pinewood Rd |
| | Print here Eileen J. Fox | City/state/zip Franklin, TN 37064 |
| At-Large | Sign here _James F Stinson (signature)_ | Street address 5592 Pinewood Rd |
| | Print here James F. Stinson | City/state/zip Franklin, TN 37064 |

9.    Each of the foregoing 11 Elector Candidates is equally subjected to the same denial of First and Fourteenth Amendment rights by the Defendants, and to

the same degree as Defendants are denying these rights to Plaintiffs; the harm suffered by Plaintiffs is being suffered equally by all 11 Elector Candidates.

10.    Defendant TNSOS and TNED is comprised of over 300 employees. Defendant maintains an office in the State of Tennessee. **Title 2 Elections**

11.    Defendant Tre Hargett is the current Secretary of State for the State of Tennessee, and is named in his official capacity as the Tennessee Secretary of State. Defendant maintains offices in Tennessee.

12.    Defendant Mark Goins is the Coordinator of Elections for the state of Tennessee Division of Elections and is named in his official capacity as a staff member of the Tennessee Secretary of State. Defendant maintains offices in Tennessee.

13.    By operation of the Tennessee Election Code, **Tenn. Code Ann. §** **2-11-202(12): & 2-5-103(b). Candidates for statewide elections**


**Tenn. Code Ann. § 2-11-202(12)**

> a) The coordinator of elections shall:
> (12) Ensure that all election commissions within the state shall prohibit any person from becoming qualified to have such person's name placed on any ballot wherein such person is seeking to be nominated or elected to an office for which such person is ineligible or to more than one (1) state legislative office, as described in § 2-13-202, voted on by voters during any primary or general election;


**2-5-103(b). Candidates for statewide elections**

> b) The chair of the state election commission shall, no later than twelve (12:00) noon prevailing time on the first Thursday after the deadlines set in § 2-5-101, certify to the chairs of the county election commissions the names of all candidates who have qualified under this section to have their names on the ballots for general or primary elections

**2-5-101(a)(1) Time for filing**

(1) Candidates shall qualify by filing all nominating petitions, including any duplicate nominating petitions, by the deadlines set out in the schedule in this section. The qualifying deadline for any office not included in this section shall be twelve o'clock (12:00) noon, prevailing time, on the third Thursday in the third calendar month before the election.

14.     On September 4, 2024, Executive Assistant, Lena Russomanno from the TNSOS and TNED without any due process owed to Plaintiffs and Elector Candidates pursuant to Defendants' own written statutes *Tenn. Code Ann. §* *2-5-108(b)*, informed one of the Elector Candidates and Plaintiff Pro Se Nicholas Lupo via a phone call that she had sent a letter dated September 4, 2024 addressed to their Pledged Candidate for President, Dr. Shiva Ayyadurai, that their Pledged Candidate's name would be removed from the Tennessee ballot for him not being "naturally born." Plaintiff Nicholas Lupo demanded to see a copy of the letter. Ms. Russomanno initially refused, and then finally sent Plaintiff Lupo a copy of the letter. Neither Mr. Lupo nor any of the other Plaintiffs nor Elector Candidates were served with any notice addressed to them that they were being removed from the ballot. The Defendants allege they sent the letter to Pledged Candidate for President Shiva Ayyadurai, a Massachusetts resident, upon whom Defendants have no subject matter or personal jurisdiction over that Plaintiffs and Elector Candidates were being rejected from Tennessee Ballot. At all times relevant to this action, all Defendants were engaged in state action and acting under color of state law.

15.     Defendants are being sued in their official capacities for declaratory and injunctive relief under 42 U.S.C. § 1983 and 28 U.S.C. § 2201, as well as for costs and attorney's fees under 42 U.S.C. § 1988(b).

## Jurisdiction

16.     Jurisdiction in this case is predicated on 28 U.S.C. § 1331, 1343(a)(3), and 1343(a)(4) this being a case arising under the Constitution of the United States and 42 U.S.C. § 1983 and 1988.

## Venue

17.     Venue is proper in this District under 28 U.S.C. 1391(b) because Defendants have an office and regularly convene every meeting in Tennessee.

## Relevant Facts

18.     Tennessee classifies general-election candidates into two groups: Independent and Political Party ("Primary") candidates.

19.     Concerning the appointment of Electors of the President and Vice President of the United States, the U.S. Constitution creates and defines the **Electoral College as the (only) process by which each state's Electors vote by ballot to elect the President and Vice President of the United States, as follows:**

> The executive Power shall be vested in a President of the United States of America. He shall hold his Office during the Term of four Years, and, together with the Vice President, chosen for the same Term, be elected, as follows
>
> Each State shall appoint, in such Manner as the Legislature thereof may direct, a Number of Electors, equal to the whole Number of Senators and Representatives to which the State may be entitled in the

9

Congress: but no Senator or Representative, or Person holding an Office of Trust or Profit under the United States, shall be appointed an Elector.

The Electors shall meet in their respective States, and vote by Ballot for two Persons, of whom one at least shall not be an Inhabitant of the same State with themselves. And they shall make a List of all the Persons voted for, and of the Number of Votes for each; which List they shall sign and certify, and transmit sealed to the Seat of the Government of the United States, directed to the President of the Senate. The President of the Senate shall, in the Presence of the Senate and House of Representatives, open all the Certificates, and the Votes shall then be counted. The Person having the greatest Number of Votes shall be the President, if such Number be a Majority of the whole Number of Electors appointed; and if there be more than one who have such Majority, and have an equal Number of Votes, then the House of Representatives shall immediately choose by Ballot one of them for President; and if no Person have a Majority, then from the five highest on the List the said House shall in like Manner choose the President. But in choosing the President, the Votes shall be taken by States, the Representation from each State having one Vote; A quorum for this Purpose shall consist of a Member or Members from two thirds of the States, and a Majority of all the States shall be necessary to a Choice. In every Case, after the Choice of the President, the Person having the greatest Number of Votes of the Electors shall be the Vice President. But if there should remain two or more who have equal Votes, the Senate shall choose from them by Ballot the Vice President.

The Congress may determine the Time of choosing the Electors, and the Day on which they shall give their Votes; which Day shall be the same throughout the United States.

20. No State may add qualifications beyond those stated in the U.S. Constitution for ballot eligibility of Tennessee Electors for the President and Vice President of the United States, and may not directly or indirectly infringe upon federal constitutional protections; see e.g., *United States Term Limits, Inc. v. Thornton*, 514 U.S. 779, 827, 115 S.Ct. 1842, 1866 (1995).

21. On August 14, 2024, Plaintiffs and 11 Elector Candidates jointly submitted over 600 signatures of Tennessee voters (of which 277 were required and

verified) to qualify the 11 Elector Candidates as Tennessee independent Presidential Electors at the November 5, 2024 general election; the 11 Elector Candidates submitted Nomination Papers specifically for the U.S. Constitutionally defined office of "Elector of President and Vice President of the United States." U.S. Const. Art. II, Sec. 1.

22.     The Tennessee Election Code requires the submission of at least 275 signatures in the aggregate from Tennessee voters. *Tenn.Code Ann. § 2-5-101(b)(1) (275 signatures)*

> Nominating petitions for independent presidential candidates shall be signed by the candidate and twenty-five (25) or more registered voters for **each elector** allocated to the state.

23.     On August 14, 2024, Plaintiffs and Elector Candidates fulfilled all obligations and requirements pursuant to the Tennessee Election Code and were in full compliance to be officially placed on the ballot to be Presidential Elector Candidates in the State of Tennessee under **the banner** of their Pledged Candidate "Shiva Ayyadurai":

<div style="border: 1px solid black; padding: 10px;">

Tennessee Secretary of State
Tre Hargett



Elections Division
312 Rosa L. Parks Avenue, 7ᵗʰ Floor
Nashville, Tennessee 37243-1102

Mark Goins
Coordinator of Elections

615-741-7956
Mark.Goins@tn.gov

## Receipt of Filing

The State Election Commission and the Coordinator of Elections have received the nominating petition for **Shiva Ayyadurai** as a candidate **for President of the United States** in the general election to be held on **November 5, 2024.**

Two hundred seventy-five (275) valid signatures are required in order to qualify for the office listed above. The signatures on this petition have not been verified.

The candidate will be notified once it has been determined that all requirements have been met for placing the candidate's name on the ballot. If qualified, the candidate's name will appear on the ballot as follows:

### Shiva Ayyadurai

By signing below, you are indicating that you believe the information above to be correct. If any of the information on this receipt is incorrect, please notify us as soon as possible.

_Nick Lupo_
Signature of Candidate
(or authorized representative)

_Lena Russomanno_
Signature of Election Official

8/14/2024
Date

</div>

24.     Pledged independent presidential elector candidate for President Dr. Shiva Ayyadurai is a resident and voter in the State of Massachusetts, and pledged independent presidential elector candidate for Vice-Presidential , Crystal Ellis is a resident and voter in the State of Nebraska (together "Pledged Candidates").

25.     On September 4, 2024, Executive Assistant, Lena Russomanno from the TNSOS and TNED without <u>any due process owed to Plaintiffs and Elector Candidates</u> pursuant to Defendants' **own** written statutes **_Tenn. Code Ann. §_** **_2-5-108(b),_** informed one of the Elector Candidates and Plaintiff Pro Se Nicholas Lupo via a phone call that she had sent a letter dated September 4, 2024 addressed

to their Pledged Candidate for President, Dr. Shiva Ayyadurai, that their Pledged Candidate's name would be removed from the Tennessee ballot for him not being "naturally born." Dr. Shiva Ayyadurai is not running for any Office in the State of Tennessee, but who resides in Massachusetts from appearing on the Tennessee ballot; rather, Plaintiff Lupo and other Elector Candidates, all residents of Tennessee, are running for the Office of Elector in the State of Tennessee. Dr. Shiva Ayyadurai is prohibited from running for such office since he does not meet the eligibility requirements to be an Elector Candidate from Tennessee.

26.    Plaintiff Nicholas Lupo demanded to see a copy of the letter. Ms. Russomanno initially refused, and then finally sent Plaintiff Lupo a copy of the letter. Neither Mr. Lupo nor any of the other Plaintiffs nor Elector Candidates were served with any notice addressed to them that they were being removed from the ballot.



27.     The Defendants allege they sent the letter to Pledged Candidate for President Shiva Ayyadurai, a Massachusetts resident, upon whom Defendants have no subject matter or personal jurisdiction over that Plaintiffs and Elector Candidates were being rejected from Tennessee Ballot.



Elections Division
312 Rosa L. Parks Avenue, 7th Floor
Nashville, Tennessee 37243-1102

Mark Goins
Coordinator of Elections

615-741-7956
Mark.Goins@tn.gov

September 4, 2024

Dr. Shiva Ayyadurai
69 Snake Hill Road
Belmont, MA 02748

Dear Dr. Ayyadurai,

This letter is to inform you that your name will not be placed on the ballot in Tennessee due to failing to meet the qualification requirements for President of the United States. T.C.A § 2-11-202(a)(12) requires the Coordinator of Elections to only place the names of qualified candidates on Tennessee's ballots. Under the law, the Coordinator shall:

> *"Ensure that all election commissions within the state shall prohibit any person from becoming qualified to have such person's name placed on any ballot wherein such person is seeking to be nominated or elected to an office for which such person is ineligible . . ."*

The qualifications for President of the United States are specifically outlined in Article II, Section 1, Clause 5 of the United States Constitution, as follows,

> *"No Person except a natural born Citizen, or a Citizen of the United States, at the time of the Adoption of this Constitution, shall be eligible to the Office of President; neither shall any Person be eligible to that Office who shall not have attained to the Age of thirty five Years, and been fourteen Years a Resident within the United States."*

You have publicly stated you were born outside of the United States and became a naturalized citizen in 1983. As a result, you do not meet the "natural born Citizen" eligibility requirement and your name cannot appear on the ballot in Tennessee. Please let me know if you have any additional questions regarding this matter.

Sincerely,

Mark Goins

28. On September 5, 2024, Plaintiff, Nicholas Lupo emailed Lena Russomanno notifying he and the other ten (10) Elector Candidates had fulfilled every requirement pursuant to Tennessee Election Code, and given he and the 10

other electors are in fact the Elector Candidates running for the Office of Electors in the state of Tennessee and that the TNSOS and TNED had no right to do remove them from the ballot based on the "qualifications" of the their Pledged Candidate for President Dr. Shiva Ayyadurai. His email response demanded he and the Elector Candidates be put back on the ballot immediately or there would be litigation:

| | |
|---|---|
| **Nicholas Lupo** | September 5, 2024 at 7:41 AM <br> Details  |
| Re: Dr. Shiva Ayyadurai's Qualification Letter | |
| **To:** Lena.Russomanno@tn.gov, **Cc:** Rebecca Mihopulos, **Bcc:** Shiva Ayyadurai, Crystal Ellis | |

Dear Ms. Russomanno

You have NO right to throw me and my ten (10) other Presidential Elector Candidates off the ballot in GN for the Office of Elector based on the "qualifications" of our pledged candidate for President "Dr.SHIVA." You are putting the "cart before the horse."

You seem to be completely ignorant on how Presidential Elections run in the United States. Are YOU a U.S. Citizen? Did you study how the Constitution works? It is disgraceful you are an elections official and do not understand the basics.

WE are running for the Office of Elector in TN. We are the CANDIDATES running for office and have met every qualification pursuant to the TN Election Code. I am giving you by end of day today to reverse this ignorant and moronic ruling, otherwise we will sue you and win.

Thank you.

Yours sincerely,
Nicholas Lupo
Presidential Elector Candidate
Sent from my iPhone

29. On September 5, 2024 Defendant, Mark Groins responded to Plaintiff, Nicholas Lupo asserting office attorneys had looked at the issue and determined the final decision had been made to reject Pledged Candidate, Shiva Ayyadurai's name from appearing on the Tennessee Ballot. Defendant, Mark Groins acknowledged that he understood that the Elector Candidates intended to take legal action for illegally violating Plaintiffs and Elector Candidates 1st and 14th Amendment rights.



Mark Goins 🔗
September 5, 2024 at 4:56 PM
Details

FW: [EXTERNAL] Re: Dr. Shiva Ayyadurai's Qualification Letter

To: nick624@optonline.net,  Cc: b.mihop@outlook.com,  Lena Russomanno

Siri found new contact info  Mark Goins mark.goins@tn.gov       add... ⊗

Mr. Lupo,
Ms. Russomanno forwarded me your email.  The decision was made after attorneys within this office looked at the issue.  I understand you intend to sue but the decision has been made.
Sincerely,
Mark

**Mark Goins | Coordinator of Elections**
Division of Elections
Office of Tennessee Secretary of State Tre Hargett
Office: (615) 741-7956

This electronic mail may be subject to the Tennessee Public Records Act, Tenn. Code Ann. § 10-7-503.  Any reply to this email may also be subject to this act.

**Our Core Values: Exceptionalism – Collaboration – Integrity – Stewardship**
The mission of the Office of the Secretary of State is to exceed the expectations of our customers, the taxpayers, by operating at the highest levels of accuracy, cost-effectiveness, and accountability in a customer-centered environment.

30.     On September 6, 2024, Plaintiff Nicholas Lupo notified Defendant, Mark Goins stating that the 11 Elector Candidates for the State of Tennessee have met all requirements to be candidates for the Office of Electors.



Nicholas Lupo
Yesterday at 7:22 AM
Details

Re: [EXTERNAL] Re: Dr. Shiva Ayyadurai's Qualification Letter

To: Mark Goins,  Cc: Rebecca Mihopulos,  Bcc: Shiva Ayyadurai,   Crystal Ellis

Mr. Groin,
You clearly have no idea of how Presidential Elections operate per the U.S. Constitution. The ELEVEN independent presidential elector candidates, one of whom is I, are THE CANDIDATES in Tennessee.  We fulfilled all requirements to be candidates for the Office of Elector.

Your attorneys are either DUMB or intentionally violating the Law. In either case, you have violated my 1st and 14th Amendment rights.

Your ignorance intentional or otherwise must be punished.  You shouldn't be "coordinating" ANY election, definitely not a Presidential Election.

Thank you.

Yours sincerely,
Nicholas Lupo
Presidential Elector Candidate, TN

31.     However, by operation of the U.S. Constitution and the Tennessee Election Code, the offices of President and Vice President of the United States **have never been offices filled (or voted for) by Tennessee voters at the general election.** See U.S. Constitution, Art. II. As the Tennessee Election Code *Tenn. Code Ann. §* *2-15-101* states (with emphasis added):

> At the regular November election immediately preceding the time fixed by the law of the United States for the choice of president and vice president, **as many electors of president and vice president as this state may be entitled to shall be elected**. Each registered voter in this state may vote for the whole number of electors. The persons, up to the number required to be chosen, having the highest number of **votes shall be declared to be duly chosen electors.**

32.     The Tennessee Secretary of State and Tennessee Elections Division, and Lena Russomanno email copy to Plaintiff Lupo, and letter from Mark Goins dated September 4, 2024 did not name Plaintiffs or any of the Elector Candidates as the Respondents in the notification, rejection; and, such communications does not include any factual allegations directed at Plaintiffs or 11 Elector Candidates nor does it seek a decision of the Tennessee Secretary of State and Tennessee Division of Elections directed at the 11 Elector Candidates' ballot eligibility.

33.     The TNSOS, TNED, Mark Goins, and Lena Russomanno did not seek the removal of the 11 Elector Candidates or otherwise challenge the ballot eligibility of the 11 Elector Candidates at the November 5, 2024 general election ballot for the federal office of "Electors for President and Vice President of the United States." US Const., Art. 2 Sect. 1. *Tenn. Code Ann. § 2-5-208 (a)(b)(c)(1)(A)*

**Tenn. Code Ann. § 2-5-208 (a)(b)(c)(I)(A) - Arrangement of material on ballots.**

(a) The requirements of this section apply to all ballots.

(b) Immediately following the title of each office shall be printed the words "Vote for one (1)," "Vote for two (2)," according to the number to be elected.

(c)

(1) The order of the titles of the offices to be filled or for which nominees are to be chosen shall be substantially as follows:

(A) **Presidential and vice presidential electors**

**The Tennessee Secretary of State and Elections Division Named the Wrong Parties + Rejected Electors Beyond the Statutory Authority of the Tennessee Secretary of State and Tennessee Elections Division**

34. By operation of the Tennessee Election Code, *Tenn. Code Ann. § 2-11-202(12)*: & *2-5-103(b). Candidates for statewide elections*

**Tenn. Code Ann. § 2-11-202(12)**

a) The coordinator of elections shall:
(12) Ensure that all election commissions within the state shall prohibit any person from becoming qualified to have such person's name placed on any ballot wherein such person is seeking to be nominated or elected to an office for which such person is ineligible or to more than one (1) state legislative office, as described in § 2-13-202, voted on by voters during any primary or general election;

**2-5-103(b). Candidates for statewide elections**

b) The chair of the state election commission shall, no later than twelve (12:00) noon prevailing time on the first Thursday after the deadlines set in § 2-5-101, certify to the chairs of the county election commissions the names of all candidates who have qualified under this section to have their names on the ballots for general or primary elections

**2-5-101(a)(1) Time for filing**

(1) Candidates shall qualify by filing all nominating petitions, including any duplicate nominating petitions, by the deadlines set out in the schedule in this section. The qualifying deadline for any office not included in this section shall be twelve o'clock (12:00) noon, prevailing time, on the third Thursday in the third calendar month before the election

35. The Tennessee Election Code statutes do not provide for an objector's petition to be filed beyond the deadline of August 22, 2024. *Tenn. Code Ann. Stat. § 2-5-103(b).*

36. The TNSOS, TNED, Mark Groin, and Lena Russomanno named the wrong party in their rejection and removal; specifically, they named the Pledged Candidate who is neither a Tennessee resident nor seeking office to be elected by Tennessee voters on November 5, 2024, nor within the authority of the TNSOS, TNED, Mark Groin, and Lena Russomanno to be rejected from the ballot, or within the authority of the TNSOS, TNED, Mark Groin, and Lena Russomanno to be denied ballot certification, since these offices are not certified to the ballot by the TNSOS and TNED.

37. The Tennessee Election Code, defines the offices voted upon by Tennessee voters in general elections in even numbered years, and states in part as follows *Tenn.Code.Ann. § 2-3-203(6)* (emphasis added):

> Elections for the following offices shall be held at the regular
> November election when the election immediately precedes the
> commencement of a full term
> (6)    **Electors for president and vice president**.

Nowhere in the Tennessee Election Code is there any reference to Tennessee voters being able to vote for the "Office of President." Tennessee voters cannot vote for the Office of President. They can vote for the Office of Electors e.g. "Electors of the President and Vice President of the United States."

38.     Tenn. Code Ann. § 2-3-203(6) of the Tennessee Election Code **does not include the office of "President of the United States" or "Vice President of the United States"** as offices for which Tennessee voters vote at a general election, and logically, such an office could not be added to the Tennessee Election Code or to the Tennessee ballot because the U.S. Constitution preempts Tennessee law regarding the election of President and Vice President of the United States. U.S. Const., Art. 2, Sect. 1. *Tenn. Code Ann. § 2-3-203(6)*

39.     By operation of the U.S. Constitution, Article 2 Section 1 Clause 2, and the Tennessee Election Code, Tennessee voters elect their Electors for President and Vice President of the United States; thereafter, those Electors that are elected at the general election proceed to vote by ballot in the Electoral College. Thus, it is the Electors that elect the President and Vice President of the United States through a separate ballot. See https://www.archives.gov/electoral-college.\

40.     The **Presidential Elections of Presidential Electors** for the President and Vice President (rather than any potential pledged candidates) is confirmed by the Tennessee Election Code, which states: *Tenn. Code Ann. § 2-15-101*

> **Tenn. Code Ann. § 2-15-101 Selection of presidential electors**
>
> At the regular November election immediately preceding the time fixed by the law of the United States for the choice of president and vice president, **as many electors of president and vice president as this state may be entitled to shall be elected**. Each registered voter in this state may vote for the whole number of electors. The persons, up to the number required to be chosen, having the highest number of **votes shall be declared to be duly chosen electors.**

41.   The Tennessee Election Code, applies to election authorities and defines the process for the printing of ballots and the counting of votes for Electors (emphasis added) as follows (emphasis added):   *Tenn. Code Ann. § 2-5-208 (a)(b)(c)(1)(A)*

Tenn. Code Ann. §2-5-208 (a)(b)(c)(1)(A)

(a) The requirements of this section apply to all ballots.

(b) Immediately following the title of each office shall be printed the words "Vote for one (1)," "Vote for two (2)," according to the number to be elected.

(c)

(1) The order of the titles of the offices to be filled or for which nominees are to be chosen shall be substantially as follows:

(A) Presidential and vice presidential electors

42.   Therefore, by operation of the Tennessee Election Code, "(h)(h) The names of presidential candidates shall be arranged according to political parties, and followed by the words, (giving the name) for president and (giving the name) for vice president. **Names of electors need not appear on the ballot.**" *Tenn. Code Ann. § 2-5-208(h)(h)*

43.   Thus, Tennessee voters do not nominate or elect their candidates for President or Vice President, as confirmed by recent events[1]; pledged Presidential

---

[1]   Recent events are illustrative.  Donald Trump's **delegates** were elected at the Republican primary (without a VP being identified), and Joe Biden's **delegates** were elected at the Democratic Party primary (also without a VP being identified). Candidates for President however were <u>not</u> nominated at either party's primary election. After strategic considerations by the DNC, Joe Biden announced on July 21, 2024 that he would not seek re-election, and Kamala Harris then announced her intent to seek the Democratic nomination as their Presidential candidate

and Vice-Presidential candidates are not ballot-eligible in Tennessee nor are they voted upon by voters in <u>any</u> state, including Tennessee.

44.     Political party convention delegates are the ballot eligible candidates elected at a party's primary election; thereafter, established political party Electors (selected at each convention and certified pursuant to Tennessee Election) **alongside** independent (and new political party) Electors are the only ballot eligible candidates that are voted upon by Tennessee voters at the November 5, 2024 general election in relation to the offices of President and Vice President of the United States.

<div align="center">

## <u>Count I</u>
## Declaratory Judgment No Subject Matter Jurisdiction
## Over Pledged Candidates

</div>

1-44. Plaintiff repeats and restates Par. 1-44 above as if fully stated herein.

45.     The TNSOS and TNED is one of many statutorily-created electoral boards with jurisdiction limited to a review of specifically stated candidate Nomination Papers as follows ***Tenn. Code Ann. § 1-3-102. Computation of time:***

> **Tenn. Code Ann. § 1-3-102. Computation of time**
> The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is a Saturday, a Sunday, or a legal holiday, and then it shall also be excluded.

---

without declaring her VP candidate. Donald Trump was then rumored to be considering replacing his Vice President who was announced at the Republican convention.

46. Furthermore, Tenn. Code Ann. §2-5-208(h) of the Election Code specifically states (emphasis added) for Arrangement of materials on the ballots for offices of Electors of President and Vice President of the United States:

**Tenn. Code Ann. § 2-5-208(h)**

(h) The names of presidential candidates shall be arranged according to political parties, and followed by the words, (giving the name) for president and (giving the name) for vice president. **Names of electors need not appear on the ballot**.

47. Therefore, **Tenn. Code Ann. §2-5-208(h)** allows the names of the pledged candidates for president and vice president to be only used on the ballot **"Names of electors need not appear on the ballot"** for the offices of President and Vice President because these two U.S. Constitutionally-created offices are filled by the Electors voting a separate ballot at the Electoral College, and are not defined in the Election Code as offices filled by Tennessee voters at the general election *Tenn. Code Ann. §2-5-208(h)*

48. The TNSOS and TNED rejection and removal that was filed past the deadline against Pledged Candidates, Dr. Shiva Ayyadurai and Crystal Ellis, were done without any statutory authority derived from the Tennessee Election Code as the U.S Constitution preempts such a bold request by objectors to reject a pledged US Presidential candidate who is beyond the jurisdiction of the Tennessee Election Code. *Tenn. Code Ann. § 2-5-208(h)*

49. The TNSOS and TNED thus lacks subject matter jurisdiction over the rejection and removal that was filed past the deadline, against Pledged Candidates Dr. Shiva Ayyadurai and Crystal Ellis, since such offices are not within their scope, and the Tennessee Election Code extends no jurisdiction over the Electoral College

ballots or voting process, nor over potential future candidates for President and Vice President of the United States that are elected by Electors voting ballots at the Electoral College. U.S. Const., Art. II, Sec. 1. *Tenn. Code Ann. § 2-5-208(h)*

50.     The TNSOS and TNED also lacks subject matter jurisdiction over the rejection and removal that was filed against Pledged Candidates, Dr. Shiva Ayyadurai and Crystal Ellis, since these U.S Constitutional offices are not offices that are filled at the general election or elected by voters at the general election.

51.     In addition, the TNSOS and TNED lacks subject matter jurisdiction over rejection and removal because the removal is not within the authority of the TNSOS and TNED to enter.  By operation of the Election Code, the TNSOS and TNED can only issue decisions regarding offices sought by Tennessee residents upon the Tennessee ballot. The Pledged Candidates that are not Tennessee residents or voted upon through a ballot cast in Tennessee cannot be rejected from a ballot they were not part of in the first place.

52.     The names of pledged candidates for President and Vice President are printed upon the ballot to simplify and shorten the ballot, in lieu of the names of the candidates for Electors of President and Vice President of the

        United States.

53.     The Election Code expressly confirms that a vote for the names of the President and Vice President that are printed by election authorities upon the ballot shall not be taken as a direct vote for such candidates for President and Vice-President, or either of them, but shall only be deemed and taken to be a vote

for the entire list or set of electors and alternate electors chosen by that political party or group. *Tenn. Code Ann. § 2-5-208(h)*

54. The Defendants have based their decision to reject Plaintiffs and the 11 Elector Candidates based on processing an rejection email that is defective, which is burdening Plaintiffs' and 11 Elector Candidates' resources and costing hundreds of hours of legal and volunteer efforts.

55. By deferring the jurisdictional determination, while removing from the ballot the 11 Elector Candidates, the Defendants are violating the rights guaranteed to the Plaintiffs and all 11 Elector Candidates by the First and Fourteenth Amendments to the United States Constitution as enforced through 42 U.S.C. § 1983.

56. The Defendant's decision to ignore and defer the threshold jurisdictional issue directly damages, obstructs, and harms the ability of the Plaintiffs and all 11 Elector Candidates to promote their campaign platform, to pursue their policy positions, and to promote their pledged candidates prior to the November 5, 2024 general election; the processing of this defective rejection and removal, without proper jurisdiction, has resulted in their being rejected from the Tennessee ballot which deters endorsements and fundraising.

57. Plaintiffs are also further harmed because they cannot secure judicial review of any adverse decision by the TNSOS and TNED in the circuit court because they were not notified by The TNSOS, TNED, Mark Goin or Lena Russomanno.

58.     The Plaintiffs enjoy First Amendment protected ballot access rights –
Plaintiffs as candidates, petition circulators, and petition signers - who wish to
exercise their First Amendment ballot access rights to support the candidates of
their choice, and see their Electoral Candidates voted upon at the general election.

59.     The Defendants' actions as alleged herein are reckless, willful,
arbitrary, and/or capricious thus jeopardizing Plaintiffs' and the 11 Elector
Candidates' First Amendment right to petition voters; Defendants are directly
obstructing Plaintiffs' right to associate as Electors with a political campaign and to
elect the 11 Elector Candidates, and directly jeopardizing the First Amendment
rights of all voters that signed the 11 Elector Candidates' petitions for their right to
nominate and to vote for Electors of their choice at the November 5, 2024 general
election.

60.     Defendants have taken Elector Candidates off the Tennessee ballot
based on TSOS's, TNED's rejection and removal with reckless disregard for
Plaintiffs' and all 11 Elector Candidates' rights to due process and in derogation of
their rights to equal protection under the law.

61.     By allowing the TNSOS, TNED, Tre Hargett, Mark Goins and Lena
Russommano to impermissibly extend its jurisdiction over the nomination papers
for the 11 Elector Candidates through some unknown and unstated authority to
reject Pledged Candidates (and all 11 Elector Candidates) from the November 5,
2024 general election ballot.

62.     A real and actual controversy exists between the parties.

63.     Plaintiffs and the equally situated 11 Elector Candidates have no
adequate remedy at law, or through the actions of the TNSOS and TNED that took

place without their being parties to such proceedings, other than this action pursuant to 42 U.S.C. § 1983 for declaratory and equitable relief.

64. Plaintiffs and the 11 Elector Candidates are suffering irreparable harm as a result of the violations complained of herein, since they are not named parties to the rejection by the TNSOS, TNED, Mark Goins and Lena Russomanno but are being subjected to a being taken off the ballot without due process.

65. Since the TNSOS, TNED made its final decision and TNSOS and TNED continued its removal without addressing the TNSOS and TNED jurisdiction over the rejection and removal of the Plaintiffs and the 11 Elector Candidates are losing valuable time before the election, and will not have the ability to obtain a decision regarding the the State of Tennessee, TNSOS, TNED, Mark Goins Lena Russommano jurisdiction for federal candidates, after which election authorities will place their ballot orders to print ballots, and commence mailing overseas and military ballots in September, with vote by mail ballots going out thereafter.

66. A declaration of the Plaintiffs' rights and TNSOS and TNED subject matter jurisdiction on an expedited basis would be in the public interest and would assist Plaintiffs, Defendants, and all Tennessee voters, and would provide guidance to the Defendants in their official capacities as the TNSOS and TNED rejection of pledged candidates for the offices of President and/or Vice President, rather than to the Tennessee residents who are the Electors for whom Tennessee voters will be voting at the general election on November 5, 2024.

WHEREFORE, Plaintiffs Pro Se, respectfully request entry of a declaratory judgment as follows:

(1) Assume original jurisdiction over this case;

(2) Issue a temporary restraining order and/or preliminary injunction as follows:

> (a) directing the TNSOS and TNED to nullify the Final Decision to the reject Presidential Electors for lack of subject matter jurisdiction;
>
> (b) permanently enjoining Defendants from removing Plaintiffs and the 11 Elector Candidates from November 5, 2024 general election ballot for the offices of independent Electors for President and Vice President of the United States;
>
> (c) directing Defendants to certify all 11 Elector Candidates for the offices of independent Electors for President and Vice President of the United States on the November 5, 2024 general election ballot;

(3)    Issue a declaratory judgment consistent with foregoing preliminary injunction that the TNSOS and TNED, did not have statutory authority for the rejection nor subject matter jurisdiction to reject pledged candidates for President and Vice President from the Tennessee general election ballot;

(4)    Issue a permanent injunction consistent with foregoing declaratory judgment, and preliminary and permanent injunctions;

(5)    Order Defendants to pay to Plaintiffs Pro Se their costs and efforts for organizing this lawsuit under 42 U.S.C. § 1988(b); and

(6)     Retain jurisdiction over this matter to enforce this honorable court's order, and any other relief that is just and appropriate.

<div align="center">

**Count II**
**Declaratory Judgment – in the alternative No Personal**
**Jurisdiction Over Plaintiffs or 11 Elector Candidates**

</div>

1-66.   Plaintiff repeats and restates Par. 1-66 above as if fully stated herein.

67.     The 11 Elector Candidates are the Tennessee residents that submitted nomination papers as independent Electors for President and Vice President of the United States for the November 5, 2024 general election, and it is their nomination papers that were reviewed by the TNSOS and TNED for compliance with the Election Code.

68.     The 11 Elector Candidates are not named as candidates or respondents in the email or letter from Coordinator of Elections, Mark Groins.

69.     The 11 Elector Candidates were not served with a copy of the email or letter from Mark Goins and Lena Russomanno or any other notice of rejection and removal against them or against their candidate Nomination Papers by the TNSOS and TNED.

70.     The TNSOS and TNED did not serve a copy of any objector's petition upon each Tennessee Elector Candidates against whom an objector's petition was filed.

71.     The TNSOS and TNED did not at any time ensure any objection being delivered to Elector Candidates so they could have basic due process.

72.     The TNSOS and TNED in reviewing the Nomination Papers of Plaintiffs as a candidate for Elector for President and Vice President of the United

States, and the Nomination Papers of the 11 Elector Candidates, did so without notice or due process provided to each of the 11 Elector Candidates.

73. The TNSOS and TNED has not addressed the TNSOS and TNED failure to serve any notice upon the 11 Elector Candidates, or the TNSOS and TNED's failure to acquire personal jurisdiction over the 11 Elector Candidates who are the actual Tenneesse residents and candidates seeking ballot access at the November 5, 2024 general election.

74. The TNSOS and TNED has already reviewed the 11 Elector Candidates' Nomination Papers and has rejected the 11 Elector Candidates from the ballot without notice and an opportunity to respond provided to each of them.

75. Plaintiffs and the 11 Elector Candidates are not represented in the TNSOS and TNED email or letter, and they have not been named as parties in that email notice; the TNSOS and TNED have not alleged facts directed at the 11 Elector Candidates but are proceeding to challenge the voter signatures on the 11 Elector Candidates' Nomination Papers all the same.

76. The TNSOS and TNED has not acquired personal jurisdiction over the 11 Elector Candidates who are the Tennessee residents and candidates that are identified upon the Presidential Elector list that the TNSOS and TNED has possession of.

77. It is indeed a well-settled principle of law that concepts of due process apply to administrative hearings, and the parties are guaranteed the right to a fair and impartial tribunal.

78. Fundamental fairness and due process are being denied to Plaintiffs as a voter, petition circulator, and candidate for independent Elector desiring to see

Electors of their choice including the 11 Elector candidates being ballot qualified and eligible to be voted upon at the general election; and denied to the 277 or more verified petition signers that signed the 11 Elector Candidates' nomination papers and seek the right to associate, nominate, and vote for the 11 Elector Candidates as their candidates at the November 5, 2024 general election ballot.

WHEREFORE, Plaintiffs, through their attorneys, respectfully request entry of a declaratory judgment as follows:

(1)     Assume original jurisdiction over this case;

(2)     Issue a temporary restraining order and/or preliminary injunction as follows:

> (a) directing the TNSOS, TNED to nullify the rejection and removal Proceeding for lack of personal jurisdiction over the 11 Elector Candidates and their Nomination Papers;

> (b) permanently enjoining Defendants from removing Plaintiffs and the 11 Elector Candidates based on the decision from theTNSOS, TNED, Mark Goins and Lena Russomanno.

> (c) directing Defendants to certify all 11 Elector Candidates for the offices of independent Electors for President and Vice President of the
>
> United States on the November 5, 2024 general election ballot;

(3)     Issue a declaratory judgment consistent with foregoing preliminary injunction that the TNSOS, TNED, Tre Hargett, Mark Goins and Lena Russomanno do not have statutory authority to create subject matter

jurisdiction over federal unaffiliated presidential elector candidates and can not seek to reject pledged candidates for President and Vice President from the general election ballot;

(4)     Issue a permanent injunction consistent with foregoing declaratory judgment and preliminary injunction;

(5)     Order Defendants to pay to Plaintiffs Pro Se their costs and efforts for organizing this lawsuit under 42 U.S.C. § 1988(b); and

(6)     Retain jurisdiction over this matter to enforce this honorable court's order, and any other relief that is just and appropriate.

## Count III Declaratory Judgment – in the alternative TNSOS, TNED's Unlawful Removal of Pledged Candidates Divests TNSOS, TNED's of Subject Matter Jurisdiction Over 11 Elector Candidates

1-78.  Plaintiff repeats and restates Par. 1-78 above as if fully stated herein.

79.     The Tennessee Election Code only applies to the election of Tennessee candidates that are voted upon by Tennessee voters at the Tennessee general election.

80.     A Tennessee voter may file an objector's petition against a Tennessee candidates' Nomination Papers.

81.     That the TNSOS, TNED, Coordinator of Elections, Mark Goins and Executive Assistant Lena Russomanno did not give proper notice of the acceptance, rejection and then removal of Tennessee residents as named candidates but instead the TNSOS, TNED, Mark Goins and Lena Russomanno , and staff seeks to extend Tennessee Election laws beyond the State's territorial

boundaries, by continuing the the removal of the Pledged Candidates, who are not residents or voters in Tennessee, and who are not Tennessee candidates for whom Tennessee voters will be voting at the November 5, 2024 general election to fill offices defined by the Tennessee Election Code at general elections.

82.  The TNSOS and TNED have already reviewed and taken adverse action against the 11 Elector Candidates' Nomination Papers to reject them off the Tennessee ballot without a proper notification to any Tennessee residents or Tennessee voters that are seeking ballot placement upon the Tennessee ballot.

83.  By agreeing with the TNSOS and TNED based upon an rejection and removal that is legally and factually insufficient and defective because it does not name Tennessee residents seeking ballot placement on a Tennessee ballot or seek relief against actual Tennessee residents on the Tennessee ballot, the TNSOS and TNED is denying fundamental fairness and due process to Plaintiffs and all 11 Elector Candidates.

WHEREFORE, Plaintiffs, through their attorneys, respectfully request entry of a declaratory judgment as follows:

(1) Assume original jurisdiction over this case;

(2) Issue a temporary restraining order and/or preliminary injunction as follows:

> (a)  directing the TNSOS and TNED to nullify the rejection from Mark Groin decosopm because the rejection and removal is legally and factually insufficient to confer subject matter jurisdiction over the Nomination Papers submitted by the 11 Elector Candidates;

(b)   permanently enjoining Defendants from removing Elector Candidates from the Tennessee ballot based on decision from the TNSOS and TNED;

(c)   directing Defendants to certify all 11 Elector Candidates for the offices of independent Electors for President and Vice President of the

United States on the November 5, 2024 general election ballot;

(3)   Issue a declaratory judgment consistent with foregoing preliminary injunction that the TNSOS, TNED lacks subject matter jurisdiction over the 11 Elector Candidates' Nomination Papers because the rejection from Mark Goins and Lena Russomanno is legally and factually insufficient and defective;

(4)   Issue a permanent injunction consistent with foregoing declaratory judgment and preliminary injunction;

(5)   Order Defendants to pay to Plaintiffs Pro Se their costs and efforts for organizing this lawsuit under 42 U.S.C. § 1988(b); and

(6)   Retain jurisdiction over this matter to enforce this honorable court's order, and any other relief that is just and appropriate.

Respectfully submitted:

By:    /s/Nicholas Lupo
          Plaintiff Pro Se

By:    /s/ Matthew Stoneman
          Plaintiff Pro Se

By:     /s/ David Price
        Plaintiff Pro Se

Dated: September 10, 2024

Nicholas Lupo
301 22nd Ave N Apt 227
Nashville TN, 37203
Ph: 732-742-4512
Em: nick624@optonline.net

Matthew Stoneman
332 Bonnahurst Dr
Hermitage TN, 37076
Ph: 615-479-6691
Em: mattstoneman332@gmail.com

David Price
1204 Wears Valley Rd Apt 2
Pigeon Forge, TN 37863
Ph: 731-414-7313
Em: dave@nashvillejerk.com

## Certificate of Service

We, the Plaintiffs Pro Se, certify that on September 10, 2024 we filed this

document with the Clerk of the Court via in person, and have separately served a

copy of this filing upon the Defendants shown below via email delivery to:

**Attorney General Johnathan Skrmetti** c/o: Jonathan Skrmetti
via Email: tnattygen@ag.tn.gov

**Office of Secretary of State** c/o: Tre Hargett
via Email: Tre.Hargett@tn.gov

**Tennessee Coordinator of Elections Mark Goins** c/o: Mark Coins  via
Email: Mark.Goins@tn.gov

/s/ Nicholas Lupo
Plaintiff Pro Se

/s/ Matthew Stoneman
Plaintiff Pro Se

/s/ David Price
Plaintiff Pro Se

**Verification pursuant to 28 U.S.C. § 1746**

The undersigned, NICHOLAS LUPO, declares and verifies under penalty of perjury under the laws of the United States of America that the facts contained in the foregoing Verified Complaint are true and correct.

By: *[signature]*

Date: 9/8/24

**Verification pursuant to 28 U.S.C. § 1746**

The undersigned, MATTHEW STONEMAN, declares and verifies under penalty of perjury under the laws of the United States of America that the facts contained in the foregoing Verified Complaint are true and correct.

By: *[signature]*

Date: 09/08/2024

**Verification pursuant to 28 U.S.C. § 1746**

The undersigned, DAVID PRICE, declares and verifies under penalty of perjury under the laws of the United States of America that the facts contained in the foregoing Verified Complaint are true and correct.

By: *[signature]*

Date: 9-8-2024